**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN W. CANTRALL,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

Defendant - Appellee.

No. 12-35061

D.C. No. 3:10-cv-05898-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted August 28, 2013
Seattle, Washington

Before:  HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

John Cantrall ("Cantrall") appeals the district court's judgment affirming the

administrative law judge's ("ALJ") determination that denied Cantrall's claim for

Social Security disability benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291,

and review the district court's decision affirming the ALJ's denial of benefits de novo.

---

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We "reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

The ALJ provided "specific and legitimate reasons that are supported by substantial evidence in the record," for rejecting Dr. Moore's contradicted opinion about Cantrall's alcohol use. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). Even assuming that the ALJ failed to address Dr. Moore's opinion about Cantrall's marked limitations, and this aspect of his report was significant and probative such that the ALJ was required to discuss it, *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir. 2003), it appears any error was harmless, as the ALJ accounted for similar opinions and Cantrall fails to argue how the marked limitations would alter the residual functional capacity ("RFC") or ultimate nondisability determinations. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

The ALJ gave "specific and legitimate reasons that are supported by substantial evidence in the record" for rejecting Dr. Schneider's contradicted GAF score as representative of Cantrall's capacity. *Lester*, 81 F.3d at 830–31. Moreover, assuming the ALJ erred in failing to specifically mention Dr. Schneider's opinion on Cantrall's

2

limitations, any such error was harmless. The ALJ accounted for Cantrall's inability to work with the public in the RFC, and acceptance of Dr. Schneider's other assessed marked limitation appears "inconsequential to the ultimate nondisability determination in the context of the record as a whole." *Molina*, 674 F.3d at 1122 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (internal quotation marks omitted).

Even assuming Dr. Carter's opinion on Cantrall's moderate limitations was significant and probative evidence, and thus the ALJ erred in not discussing them specifically, *Howard ex rel. Wolff*, 341 F.3d at 1012, such error was also harmless. Additionally, assuming the ALJ was required to discuss Dr. Alvrod's conclusion that Cantrall's functioning will present a "significant hurdle" to gainful employment, *see Hill v. Astrue*, 698 F.3d 1153, 1159–60 (9th Cir. 2012), it was harmless because it was "inconsequential to the ultimate nondisability determination in the context of the record as a whole." *Molina*, 674 F.3d at 1122 (quoting *Carmickle*, 533 F.3d at 1162) (internal quotation marks omitted).

The ALJ's assessment of the opinions of the Columbia River Mental Health Services providers do not require reversal. The ALJ gave "germane" reasons, *Molina*, 674 F.3d at 1111, for rejecting Owen's other source testimony, 20 C.F.R. § 404.1513(d)(1), noting that Cantrall's functional capacity was more accurately

reflected by the higher, post-alcohol treatment GAF scores. The ALJ likely erred in not addressing the opinions of Dr. Shuey, Cantrall's treating doctor. *Lester*, 81 F.3d at 830. Though even assuming Dr. Shuey's assessed GAF scores were significant, probative evidence the ALJ was required to discuss, the ALJ's omission was harmless. *Molina*, 674 F.3d at 1122. Additionally, were we to consider Cantrall's attribution of error to the ALJ's failure to address Sprague's GAF score, *Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004) (noting that we ordinarily decline to consider arguments raised for the first time on appeal), we would conclude that any error was also harmless.

The ALJ's failure to specifically address all of the moderate mental function limitations assessed by nonexamining agency consultant Dr. Peterson, to the extent he was even required to consider it, *Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), was harmless error.

After an ALJ determines "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and "there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted).

4

The ALJ discredited Cantrall's testimony to the extent it was inconsistent with the ALJ's assessed RFC, based on: (1) inconsistencies between Cantrall's hearing testimony and daily activities, and (2) an inconsistency within his hearing testimony.

These two reasons were "specific, clear and convincing reasons" for the rejection. *Id.* The ALJ's finding that Cantrall's claimed symptoms were inconsistent with his daily activities, *Molina*, 674 F.3d at 1112–13, is supported by substantial evidence in the record. Although the evidence of Cantrall's activities could be susceptible to an interpretation more favorable to Cantrall, the ALJ's interpretation was rational, and the panel must "uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)) (internal quotation marks omitted). Additionally, the ALJ's finding that Cantrall was not credible based on Cantrall's inconsistent testimony about his symptoms and treatment is supported by the record and is a specific, clear and convincing reason for partially rejecting Cantrall's testimony. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995))). Whether or not the ALJ erred in also relying on Cantrall's alcohol use in finding Cantrall not credible, in light

5

of the remaining substantial evidence supporting the ALJ's conclusion on credibility, the ALJ's reliance on this reason was harmless. *Carmickle*, 533 F.3d at 1162.

Given the ALJ's consideration of the record evidence, and the harmlessness of any legal error, the ALJ's RFC assessment was not in error, and the ALJ's nondisability determination is supported by substantial evidence, or "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion."[1] *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Burch*, 400 F.3d at 679).

**AFFIRMED**.

---

[1] The ALJ was not required to proceed to step five in the sequential evaluation of Cantrall's disability. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").