**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA JEAN NATHAN, | No. 12-35797 |
| Plaintiff - Appellant, | D.C. No. C11-6054-JPD |
| v. | |
| CAROLYN W. COLVIN, Commissioner of the Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donahue, Magistrate Judge, Presiding

Argued and Submitted November 6, 2013
Seattle, Washington

Before: SCHROEDER and PAEZ, Circuit Judges, and BENITEZ, District Judge.**

Barbara Jean Nathan appeals the district court's judgment affirming the

denial of disability benefits by the Commissioner of the Social Security

Administration. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable Roger T. Benitez, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

We review de novo a district court's order upholding a decision by the Social Security Commissioner that denies benefits to an applicant. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "The Commissioner's decision must be affirmed . . . if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Id.*

**1.** Nathan challenges the determination of the Administrative Law Judge (ALJ) that medical improvement occurred because the ALJ failed to consider that Nathan's original condition also caused subsequent related medical problems in her feet, legs and lumbar spine. This argument was not raised in the district court and is therefore waived. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

**2.** Even were this argument not waived, the ALJ conducted the medical improvements analysis in accordance with the applicable regulations. Under the regulations that govern the disability determination process, an ALJ undertaking a continuing disability determination is required to consider whether there is any improvement for those impairments that were "present at the time" of the last finding of disability. 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1)(i). The ALJ therefore properly considered whether Nathan's recognized medically determinable impairments had improved since the initial disability finding. Similarly, the ALJ properly restricted the initial residual functional capacity (RFC)

assessment to consideration of only the medical improvements to her preexisting medically determinable impairments. *See* 20 C.F.R. § 404.1594(f)(4) and 20 C.F.R. § 416.994(b)(1)(iii). At a later step in the analysis, the ALJ correctly considered Nathan's new impairments in determining whether all of her current impairments in combination were severe. 20 C.F.R. § 404.1594(f)(6); 416.994(b)(1)(v). The ALJ therefore properly followed the regulatory directive and did not consider Nathan's additional medical concerns as part of the medical improvement determination.

Substantial evidence also supports the ALJ's determination that Nathan experienced medical improvement. Although the ALJ accorded minimal weight to the opinions of two of Nathan's treating physicians, Drs. Johnson and Deacon, this finding is supported by substantial evidence. These medical opinions were contradicted by other medical records provided by Nathan, and the ALJ thoroughly explained her reasoning for resolving these inconsistencies against Nathan. An ALJ is responsible for resolving conflicts and inconsistencies in the record, and where, as here, the decision is supported by specific, cogent reasons, we must uphold it. *Greger v. Barnhart,* 464 F.3d 968, 972 (9th Cir. 2006). Moreover, the ALJ was not required to consider the records or opinions of the doctors treating Nathan's subsequent back and spine conditions as these conditions were not

present at the time of her initial disability determination and thus were not relevant to determining medical improvement. *See* 20 C.F.R. § 404.1594(b)(1).

We therefore agree with the district court that the ALJ did not err in determining that Nathan had experienced medical improvement.

**3.** Substantial evidence also supports the ALJ's RFC finding, which did not encompass Nathan's alleged post traumatic stress disorder (PTSD), dissociative amnesia or cognitive disorder as medically determinable impairments. The ALJ provided specific and cogent reasons for rejecting Nathan's diagnoses of PTSD and dissociative amnesia, including that they were provided by a nurse practitioner and refuted by examining physician Dr. Choi. *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). Additionally, the ALJ clearly articulated the reasons for rejecting Nathan's cognitive disorder diagnosis. Where an ALJ provides clear and convincing reasons for rejecting the diagnosis of a physician, it should be upheld. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

Substantial evidence also supports the ALJ's decision not to incorporate Nathan's claims of chronic pain in the RFC finding. Nathan provided neither evidence of how this pain had a functional effect on her ability to perform work, nor evidence to refute the conclusion that the pain could be managed with proper medication. *See Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 600-01

(9th Cir. 1999). We therefore conclude that substantial evidence supported the ALJ's RFC finding.

**4.** Substantial evidence supports the ALJ's credibility determination. While "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary," the ALJ's credibility findings must be supported by specific, cogent reasons. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)(quoting *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971)); *Greger*, 464 F.3d at 972. Here, the ALJ provided clear and specific reasons for questioning Nathan's credibility that are supported by substantial evidence, including contradictions with Nathan's own testimony and her medical records. We therefore find no error in the ALJ's decision to discount Nathan's credibility.

**5.** During the disability determination process, a vocational expert may be used to assist the ALJ in determining whether a claimant, in light of her RFC, can engage in some type of substantial gainful activity that exists in significant numbers in the national economy. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). Nathan argues that the hypothetical question the ALJ posed to the vocational expert should have included all of the moderate limitations identified in Section I of the Mental Residual Functional Capacity Assessment (MRFCA) form. The ALJ, however, did not err in excluding these limitations. As instructed in the

Social Security Administration Program Operations Manual System (POMS), Section I of the MRFCA is not an RFC assessment. POMS DI 24510.060(B)(4)(a). Instead, the ALJ is to use Section III of the form in determining a claimant's RFC. *Id.* Here, the ALJ correctly included all limitations identified in Section III of the MRFCA. We therefore affirm the district court's ruling that the ALJ did not err in excluding some of the moderate limitations identified in Section I of the MRFCA from the hypothetical question posed to the vocational expert. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (holding that an ALJ's hypothetical need not include properly rejected limitations).

AFFIRMED.