**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEZARIE C. TAYLOR, | No. 13-36221 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-2141-RSM (MAT) |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted June 9, 2016
Seattle, Washington

Before: EBEL,[**] PAEZ, and BYBEE, Circuit Judges.

Dezarie Taylor challenges the Social Security Commissioner's decision to

deny Taylor disability and supplemental security income ("SSI") benefits. "[W]e

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David M. Ebel, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

will disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks omitted). Finding neither, we affirm.

1.   The Commissioner's erroneous reference to an earlier disability onset date than Taylor claimed was harmless.  See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

2.   The Commissioner gave specific and legitimate reasons, supported by substantial evidence, for discounting the opinions of several of Taylor's treating and examining healthcare providers.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  For example, the opinions of examining psychologists Michael Brown, Ph.D. and Melinda Losee, Ph.D., and treating licensed mental health counselor Diane Hanson, were inconsistent with Taylor's treatment notes.  See Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014).  Examining consultant Mark Heilbrunn, M.D.'s opinion, was contrary to Taylor's overall medical record, the opinions of several other treating and examining physicians, and Taylor's reported daily activities, which included caring for five of her children, cf. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (rejecting claimant's testimony about her disabling pain because she was able to care for two small children, cook,

keep the house and do laundry, shop, and attend therapy and other meetings each week).

The Commissioner properly credited the narrative portion of non-examining psychologist Leslie Postovoit, Ph.D.'s report, see Nathan v. Colvin, 551 F. App'x 404, 408 (9th Cir. 2014) (unpublished); gave specific and legitimate reasons, supported by substantial evidence, for not giving controlling weight to Taylor's Global Assessment Functioning ("GAF") scores, see Cantrall v. Colvin, 540 F. App'x 607, 609 (9th Cir. 2013) (unpublished); and properly considered evidence from treating physician Shelly Dueber, D.O.  Any error the Commissioner made in considering treating physician Gregory May, M.D.'s treatment notes, was harmless.  See Marsh v. Colvin, 792 F.3d 1170, 1172-73 (9th Cir. 2015).

3.  The Commissioner gave "specific, clear and convincing reasons," supported by substantial evidence, for deeming Taylor's credibility to be suspect. Brown-Hunter, 806 F.3d at 488-89; see also Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 n.3 (9th Cir. 2010).  Those reasons included the fact that Taylor's statements about the disabling nature of her conditions, were inconsistent with her reported activities.  See Rollins, 261 F.3d at 857.

4. Substantial evidence supported the Commissioner's determination that Taylor had the residual functional capacity ("RFC") to perform light work

involving, among other limitations, only frequent, rather than constant, "handling and fingering with her right hand" and not involving "complex or demanding social exchanges." See Bray v. Comm'r of Soc. Sec., 554 F.3d 1219, 1226 (9th Cir. 2009). Because the Commissioner properly considered and discounted some of the medical evidence and properly questioned the credibility of Taylor's statements regarding the extent of her limitations, the Commissioner did not err in refusing to recognize additional limitations to Taylor's RFC.

5. The Commissioner posed an accurate hypothetical question to the vocational expert, eliciting her testimony that there were jobs that Taylor could still perform.

**AFFIRMED**.